UNITED STATES *v.* AMERICAN RAILWAY EXPRESS CO. (No. 2078).[1]

CONSTRUCTION, PARAGRAPH 417, TARIFF ACT OF 1913—"WAFERS"—ICE-CREAM CONES.

The word wafer, in paragraph 417, tariff act of 1913, signifies an independent article of food, and it must be flat. An ice-cream cone is not a wafer, and the decision of the Board of United States General Appraisers sustaining a protest claiming such classification for them against the collector's classification of them under paragraph 385 as nonenumerated manufactured articles is reversed.

United States Court of Customs Appeals, May 23, 1921.

APPEAL from Board of United States General Appraisers, Abstract 43966.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

*Comstock & Washburn* for appellee.

[Oral argument May 3, 1921, by Mr. Hanson.]

Before SMITH, BARBER, and MARTIN, Judges; DE VRIES, Judge, participating in the decision by agreement of counsel.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of ice-cream cones which were imported at the port of Buffalo, N. Y.

The appraiser in his official report advised the free entry of the articles as "wafers" within the purview of paragraph 417, tariff act of 1913. The collector, however, held against this advisory classification and assessed the articles with duty at the rate of 15 per cent ad valorem, as nonenumerated manufactured articles governed by paragraph 385 of the act.

The importer protested against the assessment, claiming free entry under the free-list provision for wafers as aforesaid.

The Board of General Appraisers sustained the protest, and the Government appeals.

It is apparent from the foregoing statement that the present appeal presents but a single question, namely, whether the imported ice-cream cones are "wafers" within the meaning of paragraph 417,

[1] T. D 38734.

supra.  This question must be answered according to the common and ordinary signification of the term in question, since no attempt has been made in the case to establish a different commercial definition of the word.

The composition, form, use, and name of ice-cream cones are all so well within common knowledge as hardly to require proof.  However, the parties have entered into a stipulation concerning some of these matters, and this is now copied as follows:

It is hereby stipulated and agreed between counsel for the importer and the Assistant Attorney General for the United States that the merchandise covered by the above-entitled protest is represented by the samples in the tin container marked "protest 931834, illustrative samples," submitted by the Buffalo collector of customs.

It is further stipulated and agreed that said articles are made of sweetened batter, the batter being poured into a conical shaped receptacle into which is inserted a conical-shaped mold, causing the raw batter to assume the form of a cone about one-sixteenth of an inch in thickness, after which it is placed in an oven and baked.

As appears above, the board held that the ice-cream cones thus described are "wafers" and entitled to free entry under that enumeration.  We think that the board erred in this conclusion and that the cones differ from wafers in point of form, use, and name, even though substantially composed of similar material.

The following two paragraphs of the tariff act of 1913 relate to the subject in hand.

(Dutiable list):

194. Biscuits, bread, wafers, cakes, and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind and without regard to the component material of chief value, 25 per centum ad valorem.

(Free list):

417. Biscuits, bread, and wafers, not specially provided for in this section.

A comparative reading of these paragraphs convinces us that Congress used the word "wafers" in them to signify articles which are intended to be served and eaten as articles of food, like bread, biscuits, cakes, and other similar baked articles composed of flour. In respect to their use, therefore, wafers differ essentially from ice-cream cones, which are not served or eaten as articles of food but are used as containers in which ice cream is sold and delivered in small quantities for immediate consumption, and are exclusively appropriated to that use.  The cone itself is merely an incidental and convenient container of the ice cream, and while it may be partly or entirely eaten by the purchaser, yet it does not itself serve as an independent article of food like wafers, bread, cakes, or other similar articles, nor does it ever appear like them upon the dinner table as part of a repast.

In respect to the comparative forms of wafers and ice-cream cones the following definitions are copied from standard authorities:

Webster's Dictionary—

*Wafer, Cookery.* A thin cake or biscuit, apparently formerly identical with or similar to the modern waffle.

Standard Dictionary—

*Wafer, Cookery.* (1) A circular cake of cooked paste, as of flour. See *Waffle.* (2) A very thin light biscuit; when sweetened called *sugar-wafer.* (3) A small disk of candy.

Encyclopædia Britannica—

*Wafer.* A thin flat cake or sheet of paste, usually circular in shape.

Century Dictionary and Cyclopaedia—

*Wafer.* A thin cake or leaf of paste, generally disk shaped. Specifically, a cake, apparently corresponding to the modern waffle, and, like it, served hot. (b) A small and delicate cake or biscuit, usually sweetened, variously flavored, and sometimes rolled up.

The foregoing definitions unmistakably indicate that a wafer is flat in form. It is true that the Century definition adds that it is "sometimes rolled up." But it is plain that even with this modification the definition of a wafer as above given can not be applied to an article which is molded from the batter into a fixed and permanent cone form and which never possesses any other form than that.

We may furthermore observe that ice-cream cones have come into very general use in recent years, and both the name and the articles themselves have become very familiar to the people. And it is certain that the name "wafers" is never applied to them in common speech, nor would it generally be regarded as at all appropriate or applicable to them.

We therefore conclude that Congress did not intend to grant free entry to such articles as these under the enumerations of paragraph 417, supra, and the decision of the board is accordingly *reversed.*

DE VRIES, Judge, dissents.