HOYT, SHEPSTON & SCIARONI *v.* UNITED STATES (No. 2276).[1]

RICE MANUFACTURE—MOCHI.

Mochi, a Japanese food product made by cooking rice with a very small admixture of barley to a paste and drying and cutting the paste into cubes about the size of rice, is not classifiable, either directly or by similitude, as cleaned rice under paragraph 193, tariff act of 1913. Its shape is sufficient to prevent its classification as wafers under either paragraph 417 or 640.—United States *v.* American Railway Express Co. (11 Ct. Cust. Appls. 88; T. D. 38734). It is a manufacture, and, not being enumerated, was properly classified accordingly under paragraph 385.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45742.

[Affirmed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*John A. Kemp,* special attorney, of counsel), for the United States.

[Oral argument October 22, 1923, by Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, and BLAND, Associate Judges.

SMITH, Judge, delivered the opinion of the court:

Mochi, a Japanese food product, imported at San Francisco, was classified by the collector of customs as a nonenumerated manufactured article and assessed for duty at 15 per cent ad valorem under

---

[1] T. D. 39888.

that part of paragraph 385 of the tariff act of 1913 which reads as follows:

385. That there shall be levied, collected, and paid * * * on all articles manufactured in whole or in part not provided for in this section, a duty of 15 per centum ad valorem.

The importers protested that the importation was not dutiable under paragraph 385, but was dutiable directly or by similitude as rice under the provisions of paragraph 193, or free of duty as wafers not specially provided for under paragraph 417, or as wafers, unleavened or not edible, under paragraph 640. The parts of the paragraphs on which the importers relied in their protests are as follows:

193. Rice, cleaned, 1 cent per pound * * *.
417. * * * wafers, not specially provided for in this section.
640. Wafers, unleavened or not edible.

The board held that the importation was not dutiable either directly or by similitude as cleaned rice and that the product was not wafers. From that decision the importers appealed and now contend that either one claim or another of their protests should have been sustained.

Mochi, the product in question, is made by mashing into a paste cleaned rice mixed with 1 per cent of barley, which mixture has been first softened by soaking it in water and then boiled, steamed, or cooked until the grains of rice and barley have been broken down. The paste so produced is cut into small cubes about the size of rice, which cubes are dried in ovens and constitute the commodity imported.

It is very clear that the merchandise covered by the protests is not within the common ordinary meaning of the term cleaned rice and that it is a manufacture of cleaned rice. Cleaned rice which is boiled, steamed, or cooked and then reduced to a paste is no longer cleaned rice, but a new product bearing a new name and adapted by manufacturing processes to a use for which the raw material was unfit. The cutting of the paste into small pieces about the size of rice and then drying them can hardly be regarded as restoring the product to the status of the material out of which it was made. Certainly a rice and barley paste so treated would not be regarded by people in general as cleaned rice and we find nothing in the record which would warrant us in holding that it is so designated by the trade.

When cooked and reduced to a paste the grains used in making the importation lost their identity completely and became a prepared food fit for human consumption. Rice and barley in a raw state are not suitable for human consumption and therefore it can not be said that their use is similar to that of the mochi into which they were converted by manufacturing processes.

The merchandise imported is in the form of cubes and can not be classified as wafers inasmuch as the characteristic shape of a wafer is not that of a cube, but that of a thin disk.—United States *v.* American Railway Express Co. (11 Ct. Cust. Appls. 88; T. D. 38734). (See also "wafers," Standard Dictionary.) The mochi in question was consequently not entitled to free entry under the paragraphs claimed in the protest.

The decision of the board is *affirmed.*